NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 13, 2009
Decided April 28, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOHN D. TINDER, *Circuit Judge*

No. 08-2330

| | |
|---|---|
| NOEL TORRES, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois. |
| *v.* | No. 05-cv-2435 |
| ALLTOWN BUS SERVICES, *Defendant-Appellee*. | George Marovich, *Judge*. |

**O R D E R**

Noel Torres is a former school bus driver for Alltown Bus Services. In January 2005, Torres drove his bus into a tree. The day after the accident, Alltown's Director of Safety found that Torres submitted a false report concerning the accident and fired him that same day.

Torres commenced this action three months later, alleging that his termination constituted discrimination based on age, race and disability. When Alltown moved for summary judgment, Torres did not submit his own statement of material facts. Instead, Torres made his additional factual allegations a part of his response to Alltown's statement of facts.

The district court refused to consider Torres' additional factual allegations, finding that the manner of their submission failed to comply with Local Rules. (The great majority of these allegations concerned an Alltown employee to whom Torres reported but who was not involved in the decision to fire him. Further, Torres admitted that the bus he was driving collided with a tree branch, and that the bus previously had to be towed from a Kentucky Fried Chicken where Torres had left it unattended.) Having refused to consider Torres's additional factual allegations, the court found that Torres had failed to point to any evidence of discrimination and granted Alltown's motion for summary judgment.

## I. DISCUSSION

The sole issue on this appeal is whether the district court erred in refusing to consider the allegations that Torres made a part of his response to Alltown's statement of facts. Since the court's decision was based on its interpretation of its local rules, we review this decision for abuse of discretion. *See Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

Local Rule 56.1(b)(3)(C) provides that a party opposing a motion for summary judgment must file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to … supporting materials relied upon." This rule requires the non-moving party to "make [a separate] submission … as long as he wants the court to consider his proposed 'facts.'" *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 810 (7th Cir. 2005) (emphasis omitted); *see also Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995).

To his credit, Torres admits that his allegations of discrimination were not properly submitted. This concession is fatal to his appeal. We have repeatedly said that it is reasonable to refuse to consider allegations that are not set forth in accordance with local rules. *Coval*, 71 F.3d at 1317; *Cichon*, 401 F.3d at 810. Since we have already held that it is not an abuse of discretion for a court to refuse to consider evidence whose manner of submission violated local rules, we cannot say that the district court abused its discretion in this case. *Cichon*, 401 F.3d at 809-10 ("A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule 56.1, the court chooses to ignore and not consider the additional facts that a litigant has proposed."). Thus, since there was no evidence to support Torres's discrimination claims, summary judgment for Alltown was proper.

## II. CONCLUSION

The judgment of the district court is AFFIRMED.